NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIONNE MARIE NADON,

No.   19-35712

Plaintiff-Appellant,

D.C. No. 9:18-cv-00140-JCL

v.

MEMORANDUM*

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted March 8, 2021
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Dionne Nadon appeals from the district court's judgment affirming the Social

Security Administration (SSA)'s denial of her application for Title II disability

insurance benefits, as well as her application for Title XVI supplemental security

income.  The parties are familiar with the facts, so we do not recount them here

except as necessary to provide context for our ruling.  We have jurisdiction pursuant

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to 28 U.S.C. § 1291. We review the district court's judgment affirming an ALJ's denial of benefits de novo. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We VACATE the district court's affirmance of the denial and REMAND Nadon's application to the ALJ for proper consideration of Nadon's post-traumatic stress disorder (PTSD) diagnosis and Dr. Newman's treatment notes.

Nadon applied for Title II period disability insurance benefits in April 2015, and she applied for Title XVI supplemental security income on May 31, 2016. She has alleged her disability began on March 27, 2015. Her alleged disability stems from a bulging disc in her back, fibromyalgia, other chronic pain, anxiety, depression, and PTSD. The claims were initially denied in August 2015, and they were denied again upon reconsideration in January 2016. The basis for the denials was the determination that Nadon's conditions are not severe and do not cause marked limitations. The ALJ held a video hearing in November 2016, and Nadon was represented by counsel.

The record submitted to the ALJ included treatment notes by psychiatrist Dr. Michael Newman, which reflect two sessions he had with Nadon in May 2016 and July 2016. Dr. Newman diagnosed Nadon with depression and PTSD after the May 2016 session. Dr. Newman elaborated in his notes after their July 2016 session that Nadon suffers from major depression, "severe and recurrent," and PTSD. Dr. Newman wrote that Nadon "reports that she is experiencing emotional and physical

2

pain," "[s]he is sleeping poorly," and "[s]he is isolating." He concluded that Nadon "has thoughts of suicide, but has no plan," and that "[s]he keeps herself alive because of her children."

In January 2017, the ALJ denied Nadon's application. The ALJ conducted the five-step evaluation process, pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a), and determined that Nadon was not disabled at steps four and five. The ALJ ultimately held that Nadon is not entitled to benefits because she has sufficient residual functional capacity to return to her past relevant work. The ALJ found that Nadon's "medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." The ALJ did not discuss Nadon's PTSD diagnosis or Dr. Newman's treatment notes relating to Nadon's PTSD.

The ALJ cited Dr. Newman's notes only once to support her finding that "the claimant demonstrated good concentration, and good insight and judgment during other examinations." The ALJ referenced PTSD only in the context of Nadon's subjective complaints. Instead, the ALJ relied, in part, on the opinions of two nonexamining state agency consultants: Mary Bogumill, Ph.D., and Lisa Renner, M.D. Their respective conclusions were that Nadon's "mental conditions were nonsevere." Both opinions address "12.04-Affective Disorders" and "12.06-

Anxiety-Related Disorders." Neither opinion discussed the PTSD diagnosis nor the resulting limitations. PTSD is included under section 12.15 relating to "Trauma- and stress-related disorders."

The Social Security Appeals Council denied Nadon's appeal in March 2018. In her appeal submission to the Appeals Council, Nadon included a mental assessment by Dr. Newman dated March 27, 2017. In the 2017 mental assessment, Dr. Newman wrote that he had started seeing Nadon on May 23, 2016. He wrote that he had seen Nadon "every few months," he had diagnosed Nadon with "major depression; PTSD," and he opined that Nadon on average is likely to be absent from work because of those impairments "more than three times per month." Dr. Newman stated that the assessment related back to March 27, 2015. In rejecting Nadon's appeal, the Council found that Dr. Newman's assessment did not relate to the period at issue.

In July 2019, the district court upheld the ALJ's decision. The district court's order addressed Dr. Newman's treatment notes; however, it did not discuss the PTSD diagnosis. The district court, instead, stated that the "ALJ relied on Dr. Newman's progress notes from a May 2016 visit in finding that Plaintiff's medically determinable mental impairments of depression and anxiety did not cause more than minimal limitations." The district court ignored the July 2016 notes and asserted that "[a]t the time of the ALJ's decision, there were no other progress notes from Dr.

4

Newman in the record." The district court discounted Dr. Newman's 2017 mental assessment and stated that "it was not part of the record at the time of [the] ALJ's decision," and "it did not relate to the period at issue." The district court also discounted the retrospective diagnosis in mental assessment and reasoned that "although Dr. Newman check-marked a box stating that Plaintiff's symptoms and limitations would have been present in March 2015, he did not begin treating her until May 2016."

"A decision to deny benefits will only be disturbed if it is not supported by 'substantial evidence or it is based on legal error.'" *Burch*, 400 F.3d at 679 (citation omitted). Therefore, we review an agency's factual findings for substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he ALJ may reject an uncontroverted opinion of a treating physician only for clear and convincing reasons." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (emphasis omitted). If the ALJ ignores a medical opinion, we review that omission for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1172–73 (9th Cir. 2015); *see also Burch*, 400 F.3d at 679 (holding that the agency's conclusion will not be reversed for errors that are harmless). "In reviewing the agency's determination, a reviewing court considers the evidence in its entirety, weighing both the evidence that supports and that detracts from the ALJ's conclusion." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018) (citation omitted).

First, it is not clear whether the ALJ, the district court, and the SSA in its brief on appeal have mistakenly overlooked the PTSD diagnosis or have conflated it with depression. Nadon's benefits application, the May 2016 and July 2016 treatment notes, the 2017 mental assessment, and Nadon's brief on appeal all discuss PTSD. The ALJ cited "Exh. 16F/3" in her order, which is the first page of the May 2016 notes; however, the list of exhibits for the ALJ's decision describes the dates for Newman's notes as "7/26/2016 to 7/26/2016." In the ALJ's failure to discuss Dr. Newman's uncontroverted PTSD diagnosis, she also did not provide clear and convincing reasons to reject the diagnosis. Even if the ALJ, the district court, and the SSA conflated PTSD with depression, our court has recognized PTSD as a condition distinct from depression in the context of Social Security benefits appeals. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160, 1164 (9th Cir. 2014).

Second, it is also noteworthy that the Appeals Council, the district court, and the government have confused the record relating to Dr. Newman's treatment notes to discount Nadon's diagnosis at various points in the proceedings. The record available to the ALJ clearly reflects that Nadon visited Dr. Newman in May 2016 and July 2016. Yet the district court held that only the May 2016 notes were available, whereas the government on appeal asserts that only the July 2016 notes were available. The Appeals Council also erroneously believed that Dr. Newman's March 2017 opinion "d[id] not relate to the time period at issue" in Nadon's benefits

application. Misunderstanding the temporal scope of a medical opinion is error. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011).

Nonetheless, the district court highlighted that "although Dr. Newman check-marked a box stating that Plaintiff's symptoms and limitations would have been present in March 2015, he did not begin treating her until May 2016." Similarly, the government argues that "[a]lthough Dr. Newman . . . check-marked a box indicating that Nadon's symptoms and limitations would have been present in March 2015, the record contained no indication that he saw or treated Nadon prior to July 2016." The government has argued, and the district court agreed, that Dr. Newman's 2017 mental assessment, therefore, fails to "provide[] any basis for changing the ALJ's decision." This is not the law. We have previously held that a "claimant may establish such continuous disabling severity by means of a retrospective diagnosis." *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1461 (9th Cir. 1995). It is well-established that rejecting a medical opinion because it was rendered retrospectively is not a legitimate basis. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 832 & n.10 (9th Cir. 1995).

Third, the ALJ picked portions of Dr. Newman's treatment notes to discount Nadon's subjective testimony regarding her activities of daily living and how her mental conditions interfered with her life. On remand, we instruct the ALJ to

7

consider Nadon's subjective evidence indicating Nadon's difficulties due to her PTSD and depression. The ALJ cited the May 2016 notes only to support her finding that Nadon "demonstrated good concentration, and good insight and judgment[.]" Yet the ALJ omitted Dr. Newman's notes that Nadon had reported suicidal thoughts and isolation.

Our court's decision in *Diedrich v. Berryhill* is instructive. 874 F.3d 634 (9th Cir. 2017); *see also Ghanim*, 763 F.3d at 1164. In *Diedrich*, the ALJ found that Diedrich was able to engage in a wide range of daily living activities, citing her abilities to bathe, cook, shop, do chores, and other tasks. However, we held that "the ALJ ignored other evidence showing the difficulties Diedrich faced in everyday life," and we cited *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984), for the proposition that an "ALJ may not justify a credibility finding by ignoring competent evidence in the record that suggests an opposite result." *Diedrich*, 874 F.3d at 643 (quotation marks omitted). We listed, among other things, Diedrich's periodic sleeplessness, bouts of depression, and promiscuousness during manic periods. *Id.* We concluded "[t]hat Diedrich could participate in some daily activities does not contradict the evidence of otherwise severe problems that she encountered in her daily life during the relevant period." *Id.* The ALJ failed to consider similar evidence from Nadon's testimony and Dr. Newman's treatment notes. We direct the ALJ to conduct this analysis on remand.

8

Ultimately, the ALJ's failure to address Dr. Newman's medical opinion generally, and specifically with respect to the PTSD diagnosis, was legal error that was not harmless. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs"). The ALJ did not simply reject Dr. Newman's medical opinion without providing reasons for crediting another opinion; she completely overlooked the PTSD diagnosis or conflated it with depression and anxiety. In addition, the record does not include another medical opinion that addressed a potential PTSD diagnosis or its severity, which might controvert Dr. Newman's assessment. The ALJ's error in ignoring this evidence is not harmless because we cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh*, 792 F.3d at 1173 (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)).

On remand, the ALJ is directed to consider Nadon's PTSD diagnosis and Dr. Newman's treatment notes. We also direct the ALJ to consider the PTSD diagnosis as distinct from that of depression, and the disability analysis should reflect as much.

**VACATED and REMANDED**.

9